**HERLONG–SIERRA HOMES, INC., a corporation, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19764.**

United States Court of Appeals Ninth Circuit.

March 24, 1966.

Alvin Landis, Sacramento, Cal., Maurice J. Hindin, Beverly Hills, Cal., Harry B. Seelig, Los Angeles, Cal., for appellant.

·Cecil F. Poole, U. S. Atty., Robert N. Ensign, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLEY, MERRILL and BROWNING, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment in an action by the United States to foreclose a deed of trust and chattel mortgage executed by appellant to secure a loan insured by the Federal Housing Administration under the authority of Title VIII of the National Housing Act, 12 U.S.C.A. § 1748b, in connection with the construction of a rental housing project for military and civilian personnel at the Sierra Ordnance Depot in Lassen County, California. An opinion of this court in related litigation is reported at Builders Corporation of America v. United States, 9 Cir., 320 F.2d 425.

Appellant contends (1) that appellee is precluded from recovery because appellee's wrongful conduct prevented appellant from making the payments due on the note, and (2) that a deficiency judgment was barred by section 580b of the California Code of Civil Procedure. Both contentions are sufficiently answered by the district court in its memorandum opinion of June 8, 1964. As to the second contention, see also United States v. Shimer, 367 U.S. 374, 81 S.Ct. 1554, 6 L.Ed.2d 908 (1961); United States v. Rossi, 342 F.2d 505 (9th Cir. 1965).

Appellant also argues that the district court should have made provision in the judgment against acceptance of an excessively low bid at foreclosure sale. It does not appear from the record before us that this issue was raised in the district court. In any event, we agree with appellee that "all that is before the Court now is the Judgment of Foreclosure and Order of Sale, not the sale itself." Nothing that the district court or this court has held would preclude the appellee from seeking relief in the district court on a showing that the high bid at the foreclosure sale was unreasonably low. Cf. Magnolia Springs Apartments, Inc. v. United States, 323 F.2d 726 (5th Cir. 1963).

Affirmed.