UNITED STATES of America,
Plaintiff,

v.

SKIPPER SMITH'S MARINA, INC., a Florida corporation; Charles T. Bundy and Gloria Bundy, his wife; First National Bank of Naples, a banking corporation; Mathew-Hyde Insurance Agency, Inc., a Florida corporation; and C. W. S. A. Corporation, a Florida corporation, Defendants.

Civ. No. 67–934.

United States District Court
S. D. Florida,
Miami Division.

April 2, 1968.

William A. Meadows, Jr., U. S. Atty., and Alfred E. Sapp, Asst. U. S. Atty., Miami, Fla., for the United States.

Parks, Emerson, Treadwell & Elkins, Naples, Fla., for defendants Charles T. and Gloria Bundy.

Roberts, Watson, Taylor & Friday, Fort Myers, Fla., for defendant, Mathew-Hyde Insurance Agency, Inc.

Sorokoty, Hagaman, Morrissey & Monaco, Naples, Fla., for defendant, First Nat. Bank of Naples.

## ORDER GRANTING DEFICIENCY JUDGMENT

ATKINS, District Judge.

The United States seeks a deficiency decree against Mr. Charles T. Bundy and Mrs. Gloria Bundy, his wife. The Bundys are guarantors on a note due the Small Business Administration from Skipper Smith's Marina, Inc., a Florida corporation. The United States seeks this deficiency judgment after foreclosing a chattel mortgage securing the note.

The first defense to the granting of a deficiency decree is that Article 11, Sec. 1 of the Florida Constitution, F.S.A. absolves Mrs. Gloria Bundy from liability on the note. This Constitutional provision applies only where the wife is a surety on the debt of her husband. Continental Can Co. v. Lee Co., 40 So.2d 783 (Fla.1949); Marinelli v. Weaver, 187 So.2d 690 (2d D.C.A., Fla.1966). In this case Mrs. Gloria Bundy is a guarantor of the debt of Skipper Smith's Marina, Inc. and not of her husband, Mr. Charles T. Bundy.

The second defense is that Florida law controls this decision and there are sufficient equities in this case to deny the deficiency decree. See Fla.Stat. § 702.06 (1967), F.S.A. This contention is erroneous on both points.

Federal law controls the granting of this deficiency decree. See Herlong-Sierra Homes, Inc. v. United States, 358 F.2d 300 (9th Cir. 1966); United States v. Flower Manor, Inc., 344 F.2d 958 (3d Cir., 1965); McKnight v. United States, 259 F.2d 540 (9th Cir. 1958). There is authority to the contrary in Reconstruction Finance Corp. v. Breeding, 211 F.2d 385 (10th Cir. 1954). In *Breeding* a state statute limiting deficiency judgments was applied by the court to a Reconstruction Finance Corporation mortgage. The court reasoned in part that federal law applied only if the United States, rather than a federal agency is a litigant. This distinction seems questionable. In addition, the United States is the litigant in the instant case; the Small Business Administration, unlike the Reconstruction Finance Corp., is not a separate "sue and be sued agency." See United States v. Inciardi, 258 F.Supp. 837 (W.D.Okl., 1966).

Even if Florida law controlled this decision, there are not sufficient equities present to deny the deficiency decree. While the testimony is conflicting, it is clear that the Bundys knew what they were doing in executing the note and were well aware of the potential liability involved.

It is therefore decreed that the United States of America do have and recover of the defendants, Skipper Smith's Marina, Inc., a Florida corporation, Charles T. Bundy, and Gloria Bundy, his wife, the sum of $9,442.38, plus interest thereon at the rate of five and one-half per cent (5½%) per annum from March 16, 1968, together with its costs in this cause, for all of which let execution enter.