**FRED W. BEAL, INC., Plaintiff,**

v.

**Robert C. ALLEN, Maria E. Allen and United States of America Acting Through the Farmers Home Administration, Defendants.**

**Civ. No. 1696.**

United States District Court
D. Maine, N. D.
July 25, 1968.

Atherton Fuller, Ellsworth, Me., for plaintiff.

Lloyd P. LaFountain, U. S. Atty., Edward G. Hudon, Asst. U. S. Atty., Portland, Me., for defendants.

## MEMORANDUM OF OPINION AND ORDER OF THE COURT

GIGNOUX, District Judge.

This is an action under the Maine Mechanics Lien Law, 10 M.R.S.A. § 3251 et seq. (1964), brought by Fred W. Beal, Inc., Ellsworth, Maine, a plumbing and heating contractor, to enforce a lien on real property owned by the defendants Robert C. and Maria E. Allen and mortgaged to the United States of America, acting through the Farmers Home Administration. The action was originally brought in the Hancock County, Maine Superior Court, but was removed to this Court by the United States pursuant to 28 U.S.C. §§ 1444 and 1446 (1964). In its complaint plaintiff prays that the residence building and land subject to its lien be sold and that the proceeds be applied to discharge its lien in the amount of $1339.00. See 10 M.R.S.A. §§ 3257, 3259 (1964). The United States asserts in its answer that its mortgage lien is superior to plaintiff's mechanics lien and prays that the action as against it be dismissed. The default of the Allens for failure to plead or defend has been entered, and the sole issue to be decided is whether plaintiff's mechanics lien is to be afforded priority over the mortgage of the United States.

There is no dispute as to the relevant facts, which may be briefly summarized. As of April 21, 1967, Robert C. Allen and Maria E. Allen were the owners of a certain lot of land in Ellsworth, Maine, described in a deed to them from Reginald F. Linscott, dated October 12, 1966 and recorded the same day in the Hancock County Registry of Deeds. By mortgage deed dated April 21, 1967 and recorded the same day in the Hancock County Registry of Deeds, the Allens mortgaged this real property to the United States of America, acting through the Farmers Home Administration, to secure an indebtedness of $16,000 plus interest at 6% per annum and an insurance charge of ½% per annum. The loan which was secured by the mortgage was a Farmers Home Administration loan for the construction by the Allens of a residence on the mortgaged property. As of June 17, 1968 there was a balance due on this loan of $17,224.00 including both principal and accrued interest.

In connection with the erection of the proposed residence, the Allens contracted with plaintiff for the installation of a hot water heating plant. Beginning on or about July 17, 1967 and continuing intermittently until September 21, 1967 plaintiff furnished the necessary materials and performed the necessary labor to complete the contract. It is agreed that the plant as installed by plaintiff conformed to construction specifications which had been approved by the Farmers Home Administration in connection with the Allens' loan application; that the $1339.00 cost of this facility was fair and reasonable; and that plaintiff has not yet been paid for the work. It is also undisputed that on October 16, 1967, within 60 days after the last of the materials had been furnished and labor had been performed, plaintiff filed in the Hancock County Registry of Deeds the notice of lien prescribed by 10 M.R.S.A. § 3253 (1964); and that plaintiff commenced this action on December 12, 1967, within 90 days after the last materials and labor had been furnished as required by 10 M.R.S.A. § 3255 (1964).

Plaintiff's position that its mechanics lien is senior to the Government's mortgage lien, even though the Government mortgage was prior in time, is based upon the doctrine of Carey v. Boulette, 158 Me. 204, 182 A.2d 473 (1962), permitting such priority when the labor or materials were furnished with the "consent" of the prior mortgagee. The Government contends that its mortgage lien is superior to plaintiff's mechanics lien because federal, rather than state, law is controlling, and the federal rule governing the priority of liens is "first in time, first in right."

A careful reading of the cases cited by counsel convinces the Court that the Government is correct in its contention.

■ First, it is settled that federal law governs the rights and obligations of the United States under security instruments such as the mortgage here involved. Clearfield Trust Co. v. United States, 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed 838 (1943); Director of Revenue, State of Colorado v. United States, 392 F.2d 307 (10th Cir. 1968); Southwest Engine Co. v. United States, 275 F.2d 106 (10th Cir. 1960); United States v. View Crest Garden Apts., 268 F.2d 380 (9th Cir.), cert. denied, 361 U.S. 884, 80 S.Ct. 156, 4 L.Ed.2d 120 (1959); United States v. Latrobe Construction Co., 246 F.2d 357 (8th Cir.), cert. denied, 355 U.S. 890, 78 S.Ct. 262, 2 L.Ed.2d 189 (1957). The oft-stated reason for the rule is that the United States, in the exercise of its governmental functions, must be protected by a uniform federal law and should not be subject to the uncertainties which would result from the application of the disparate rules and practices of the various states. Clearfield Trust Co. v. United States, supra, 318 U.S. at 367, 63 S.Ct. 573; Cassidy Commission Co. v. United States, 387 F.2d 875, 879 (10th Cir. 1967); United States v. Carson, 372 F.2d 429 (6th Cir. 1967); United States v. Sommerville, 324 F.2d 712, 714–717 (3d Cir. 1963), cert. denied, 376 U.S. 909, 84 S.Ct. 663, 11 L.Ed.2d 608 (1964).

■ It is true that in a limited number of situations the federal courts have applied state law in cases involving federal government loan programs. United States v. Yazell, 382 U.S. 341, 86 S.Ct. 500, 15 L.Ed.2d 404 (1966); Bumb v. United States, 276 F.2d 729 (9th Cir. 1960). However, in *Yazell,* the Supreme Court was confronted with a peculiarly local legal institution, the disability of coverture, and held that the Federal Government could not "voluntarily and deliberately make a negotiated contract with knowledge of the limited capacity and liability of the persons with whom it contracts, and thereafter insist, in disregard of such limitation, upon collecting (a) despite state law to the contrary relating to family property rights and liabilities, and (b) in the absence of federal statute, regulation or even any contract provision indicating that the state law would be disregarded." 382 U.S. at 350–351, 86 S.Ct. at 506. A reading of the Court's opinion in *Yazell* makes it clear that its decision was based upon the fact that there was no substantial federal interest which required overriding the paramount interest of the state in the purely local field of family relations. See Director of Revenue, State of Colorado v. United States, supra, 392 F.2d at 312; United States v. Carson, supra, 372 F.2d at 433–434. No such special interest is present here. In *Bumb,* the court held that the Small Business Administration should have complied with a local "bulk sales" statute in perfecting and validating its chattel mortgage. However, the court said explicitly, "In adopting the appropriate rule of law which shall govern in this case it must be kept in mind that [the 'bulk sales' statute] * * * regulates only the manner of acquisition of a valid security interest, and does not purport to regulate the remedy of the mortgagee after default by the mortgagor in foreclosing the validly created security interest and liquidating the loan which the chattel mortgage was given to secure." Id., 276 F.2d at 737. Of course, as the federal courts have consistently

held, so far as the perfection of security interests is concerned, the application of local law is appropriate and interferes with no federal policy, since there is no nationwide federal system of security interest validation. Cassidy Commission Co. v. United States, supra; United States v. Sommerville, supra, 324 F.2d at 717; United States v. View Crest Garden Apts., supra, 268 F.2d at 383. But, once the security interest has been perfected, a uniform federal rule is essential for then, "the federal policy to protect the treasury and promote the security of federal investment * * * becomes predominant." United States v. View Crest Garden Apts., supra.

The basic federal rule in priority of lien cases is that announced by Chief Justice Marshall in Rankin v. Scott, 12 Wheat. 177, 179, 6 L.Ed. 592 (1827),

> The principle is believed to be universal, that a prior lien gives a prior claim, which is entitled to prior satisfaction, out of the subject it binds, unless the lien be intrinsically defective, or be displaced by some act of the party holding it, which shall postpone him in a Court of law or equity to a subsequent claimant.

This rule of "first in time, first in right" has been applied to cases involving United States tax liens, United States v. City of New Britain, Conn., 347 U.S. 81, 85–86, 74 S.Ct. 367, 98 L.Ed. 520 (1954); United States v. Vermont, 377 U.S. 351, 84 S.Ct. 1267, 12 L.Ed.2d 370 (1964); United States v. Pioneer American Insurance Company, 374 U.S. 84, 83 S.Ct. 1651, 10 L.Ed.2d 770 (1963), as well as United States mortgage liens. Director of Revenue, State of Colorado v. United States, supra; United States v. County of Iowa, 295 F.2d 257 (7th Cir. 1961); United States v. Ringwood Iron Mines, 251 F.2d 145 (3d Cir.), cert. denied, 356 U.S. 974, 78 S.Ct. 1138, 2 L.Ed.2d 1148 (1958); United States v. Davis Mining Enterprises, 187 F.Supp. 911 (W.D.Wis.1960). Moreover, the rule has been specifically applied to give priority to a federal mortgage lien over a subsequently perfected state mechanics lien. Southwest Engine Co. v. United States, supra; United States v. Latrobe Construction Co., supra. Inasmuch as the Government's mortgage lien was perfected by recording long before plaintiff furnished any labor or materials on the property in question, under the applicable federal law the mortgage lien is entitled to priority over plaintiff's subsequent mechanics lien. This action as against the defendant United States must therefore be dismissed.

It is so ordered.