HALL, Judge.
National American Bank of New Orleans, as payee and holder for value of a certain promissory note, brought suit on January 5, 1967 against Bessie R. Washington, maker of said note, and L. Burnett Quick, accommodation endorser thereof, seeking judgment against said defendants in solido for the principal amount of the note plus interest, attorney’s fees and costs.
Bessie R. Washington, maker of the note, filed an answer on April 7, 1967 pleading failure of consideration and on January 27, 1968 amended her answer by averring that L. Burnett Quick, acting as agent of the bank, defrauded her by having her sign various documents on behalf of the bank and by receiving the full amount of the note and failing to properly perform the work for which the money was intended, i.e. the repair of her home by Quick Homes, Inc. She further averred that the bank is not a holder in due course of the note sued upon and is subject to the same defense that she has against L. Burnett Quick who is the “alter ego” of Quick Homes, Inc.
L. Burnett Quick did not answer the suit and a judgment by default was rendered against him on October 26, 1967.
On November 14, 1967 L. Burnett Quick as accommodation endorser of the note filed a third party proceeding against Bessie R. Washington, the maker thereof, seeking judgment against her in like tenor and amount to the default judgment rendered against him.
On November 21, 1967 Bessie R. Washington filed a third party demand against L. Burnett Quick in which she averred that she signed the note at the instigation and solely at the request of and as an accommodation to L. Burnett Quick who received all the proceeds of the note. She prayed for judgment against Quick in the amount of any judgment which might be rendered against her in favor of the plaintiff bank.
Following trial on the merits judgment was rendered in favor of the plaintiff bank against Bessie R. Washington as prayed for. Further judgment was rendered in favor of L. Burnett Quick against Bessie R. Washington as prayed for in his third party demand. The third party demand of Bessie R. Washington against L. Burnett Quick was dismissed. Bessie R. Washington appealed in forma pauperis.
The note sued on is for the principal sum of $1,629.55, is dated December 17, 1965 and is made payable on demand to the order of the plaintiff bank together with interest at the rate of 6j4% per annum until paid and stipulates for 10% attorney’s fees if placed in the hands of an attorney for collection. It is signed by Bessie R. Washington and endorsed by her and by L. Burnett Quick.
The note arose out of the following facts:
Hurricane Betsy struck New Orleans in September 1965 damaging many homes. In an effort to assist homeowners in having necessary repairs made on their homes *504 the plaintiff bank in the latter part of the year instituted a program whereby in cases where the repairs were covered by insurance the bank would advance to the contractor employed by the homeowner the funds required to pay the cost thereof taking as security an assignment of the pror ceeds of the insurance. Blank notes pay7 able to the order of the plaintiff bank and other documents required to accomplish this purpose were kept on hand by the bank and furnished to anyone upon request.
Bessie R. Washington’s home was damaged by the hurricane and on December 15, 1965 she signed a contract with Quick Homes, Inc., a building repair contractor, which called for the performance by the contractor of certain specified repairs detailed therein. The contract was made subject to acceptance by Quick Homes, Inc.
Prior to signing the contract Mrs. Washington had filed a proof of loss with her insurance company and an independent adjuster for the insurance company had approved the payment of $1,629.55 for certain repairs made necessary by the hurricane. The repairs specified in the contract which Mrs. Washington signed on December 15, 1965 were the same as those which had been approved by the insurance adjuster and the price of the contract was fixed at $1,629.55 “payable upon signing this contract. Special terms * * * cash from note, National American Bank.” On the same date (December 15, 1965) Bessie R. Washington executed an assignment and pledge to the plaintiff bank of the proceeds, up to the sum of $1,629.55, of all insurance due her by reason of the damage caused by the hurricane. She also on this same date signed a “debit-trade” slip acknowledging receipt of $1,629.55 from the plaintiff bank “being the entire proceeds of my note * * * discounted this day.”
The repair contract with Quick Homes, Inc., was accepted by that company acting through L. Burnett Quick, its president, on December 17, 1965 and on the same date Bessie R. Washington executed the note herein sued upon. The assignment, the “debit-trade” slip and the note were executed on blank forms which L. Burnett Quick had obtained from the plaintiff bank.
The record leaves no doubt that in spite of their dates the repair contract, the note, the assignment and the “debit-trade” slip were all part and parcel of the same transaction.
Mr. Quick endorsed the note in his individual capacity as an accommodation to Bessie R. Washington and delivered all of the documents to the plaintiff bank which thereupon acting under the authority of the “debit-trade” slip credited the entire proceeds of the note to the account of Quick Homes, Inc. in payment of the price of the repair contract.
There is nothing in the record upon which to base an inference that L. Burnett Quick was in anywise acting on behalf of or as an agent of the plaintiff bank in any part of the transaction.
The defendant, Bessie R. Washington, admitted signing all of the documents relative to this transaction. The Trial Judge found as a fact that she had read all of the documents and had “very clearly interpreted what she had read.” He further found as a fact that there was no “scintilla of evidence to establish there was any fraud or misrepresentation in this case.” The record fully supports his findings.
Bessie R. Washington attempted to show that the contractor, Quick Homes, Inc., completed only a very few of the repair items called for by the contract. Mr. Quick testified that all of the exterior work was completed in a workmanlike manner and the Trial Court so found. The Trial Court’s finding is fully supported by the record. It is admitted that the corporation stopped work and did not perform any of the interior work which amounted to $536.80.
*505 The reason the corporation stopped the work is that for some reason the insurance company’s check for $1,629.55 covering the storm damage was mailed to Mrs. Washington’s attorney and her attorney, instead of forwarding the funds to the plaintiff bank as assignee thereof, delivered the proceeds of the check to Mrs. Washington. Bessie R. Washington admitted receiving the proceeds of the insurance and admitted that she spent the entire proceeds thereof paying her taxes, insurance, notes on her house, and other bills with it. When Mr. Quick, who had personally endorsed the note held by the bank, heard of this he had the work stopped.
No part of the principal or interest has ever been paid on the note herein sued upon.
Appellant contends that there was failure of consideration for the note. The plaintiff bank gave full consideration therefor when in accordance with Bessie R. Washington’s authorization and intention it credited the proceeds of the loan to Quick Homes, Inc., in payment of her indebtedness to that corporation. There is no showing whatever that the bank was a party to or had the slightest interest in the contract between Bessie R. Washington and Quick Homes, Inc.
Under the circumstances the bank is entitled to judgment as prayed for against Bessie R. Washington, maker of the note.
Since L. Burnett Quick endorsed the note in his individual capacity as an accommodation endorser he is entitled to judgment on his third party demand against Bessie R. Washington for the amount of the default judgment rendered against him.
Bessie R. Washington’s third party demand against L. Burnett Quick is based on allegations of misrepresentation, fraud and also on the fact that the corporation which executed the contract did not complete the work called for. As we have seen the record does not contain any proof of misrepresentation or fraud. While it is admitted that the contractor, Quick Homes, Inc., failed to do $536.80 ■ of the work called for by its contract there is no showing that L. Burnett Quick was the “alter ego” of Quick Homes, Inc. He cannot be held personally liable for this failure and Mrs. Washington’s third party demand against him must fall. The corporation is not a party to this suit and no judgment can be rendered against it.
For the foregoing reasons the judgment appealed from is affirmed; costs of this appeal to be borne by Bessie R. Washington, appellant.
Affirmed.