**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Glen O. ALLGEYER and Jean M. Allgeyer, Defendants-Appellants.**

**No. 71–3016.**

United States Court of Appeals,
Ninth Circuit.

Aug. 24, 1972.

Glen O. & Jean M. Allgeyer, in pro. per.

William D. Keller, U. S. Atty., Hugh W. Blanchard, Frederick M. Brosio, Jr., Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before KOELSCH, DUNIWAY and CHOY, Circuit Judges.

PER CURIAM:

Defendants appeal from a summary judgment entered for the United States in its suit to recover the balance allegedly due and owing on a promissory note executed by defendants to the Security First National Bank and duly assigned to the United States on behalf of the Federal Housing Administration. The note was given by appellants to evidence a federally insured home improvement loan made to them pursuant to Title I of the National Housing Act. (48 Stat. 1246, 12 U.S.C. § 1701 et seq.) Payment was initially secured by a second deed of trust on real property situated in Los Angeles, California; but the security was lost when the subject property was sold upon a foreclosure by the holder of the first deed of trust.

Defendants contend that the record discloses the existence of a genuine issue of material fact, hence the entry of summary judgment was error. This issue, they say, is whether or not the second deed of trust was given as security for the payment of part of the purchase price of the subject real property. The issue is material, they argue, because if the loan constituting the debt was for purchase money, then California law, particularly Cal.C.C.P. § 580b, prohibits entry of a deficiency judgment.[1]

---

1. "580b. No deficiency judgment shall lie in any event after any sale of real property for failure of the purchaser to complete his contract of sale, or under a deed of trust, or mortgage, given to the vendor to secure payment of the balance of the purchase price of real property, or under a deed of trust, or mortgage, on a dwelling for not more than four families given to a lender to secure repayment of a loan which was in fact used to pay all or part of the purchase price of such dwelling oc-

cupied, entirely or in part, by the purchaser.

Where both a chattel mortgage and a deed of trust or mortgage have been given to secure payment of the balance of the combined purchase price of both real and personal property, no deficiency judgment shall lie at any time under any one thereof if no deficiency judgment would lie under the deed of trust or mortgage on real property."

We must disagree. Whether the note reflects a purchase money loan or not is immaterial. In United States v. View Crest Garden Apts. Inc., 268 F.2d 380, 383 (9th Cir. 1959), this court declared, "Local rules limiting the effectiveness of the remedies available to the United States for breach of a federal duty cannot be adopted." Our opinions in United States v. Stadium Apartments, Inc., 425 F.2d 358 (9th Cir. 1970) (which contains a thorough discussion of the subject), and Herlong-Sierra Homes, Inc. v. United States, 358 F.2d 300 (9th Cir. 1966), are to the same effect. True, those decisions treat of the government's remedial rights with respect to loans governed by sections of the Federal Housing Act, other than Section 1; but the same underlying policy declared and applied in all of them is common to Section 1 loans.[2]

Affirmed.

2. As said in United States v. View Crest Garden Apts., supra, 268 F.2d at 383, " . . . the federal policy [is] to protect the treasury and to promote the security of federal investment which in turn promotes the prime purpose of the Act— to facilitate the building of homes by the use of federal credit. . . . "