**Joseph D. EWING and the Class He Represents**

v.

**SMALL BUSINESS ADMINISTRATION Thru its Administrator, Thomas J. Kleppe.**

Civ. A. No. 71–3319.

United States District Court, E. D. Louisiana.

April 25, 1973.

Robert L. Lobrano, Belle Chasse, La., for plaintiff.

Gerald J. Gallinghouse, U. S. Atty., Michaelle F. Pitard, Asst. U. S. Atty., New Orleans, La., for defendant.

HEEBE, Chief Judge:

This suit is brought pursuant to 28 U.S.C.A. § 2201. A declaratory judgment is sought on the question of the validity of an "after-acquired property" clause contained in a mortgage entered into in Louisiana between an individual and an agency of the United States. Relative to this question, the parties have stipulated to the following facts:

1. "The Small Business Administration (SBA) made a loan to Joseph D. Ewing and his wife in the sum of Twenty-Five Thousand Three Hundred and No/100 ($25,300.00) Dollars.

2. "In order to secure said loan, Joseph D. Ewing and his wife executed on February 9, 1970, a mortgage in favor of the Small Business Administration, an agency and instrumentality of the United States.

3. "Said mortgage was recorded in Plaquemines Parish on February 27, 1970.

4. "Said mortgage contains on Page 3 the following clause:

Together with all property similar in character to that above described which may be hereafter acquired by Mortgagor.

"That said clause, commonly referred to as an 'after-acquired clause' was placed in the mortgage, by the Small Business Administration; for the purpose of including in the mortgage all property that may be acquired by Joseph

D. Ewing and his wife after the date of the execution of the mortgage.

5. "That the Small Business Administration maintains offices in every state of the Union except Nevada and operates identical programs in all fifty states.

6. "That each and every mortgage of real property made directly to the Small Business Administration or the Administrator as security for an SBA direct loan in all states of the Union except Pennsylvania and Maryland contains an after-acquired property clause similar to or identical to the clause contained on Page 3 of the Ewing mortgage as referred to above in Paragraph 4.

7. "Joseph D. Ewing applied to the Delta Bank and Trust Company for a loan to be secured by property which he intended to purchase.

8. "There appeared on the mortgage certificate obtained by the Delta Bank and Trust Company in the name of Joseph D. Ewing that certain mortgage granted by the said Joseph D. Ewing in favor of the Small Business Administration on February 9, 1970. The mortgage appeared on the said certificate because of the 'after-acquired clause' contained in that mortgage.

9. "Becuase of this 'after-acquired clause' in the mortgage granted to the Small Business Administration, Joseph D. Ewing had difficulties in obtaining a loan from the Delta Bank and Trust Company, and in fact was turned down on this particular loan for that reason. He was able to obtain the loan subsequently; however it was based on further collateral being given.

10. "The 'after-acquired clause' appears on all mortgage certificates issued by the Clerk of Court for the Parish of Plaquemines in the names of those persons who do have Small Business mortgages.

11. "The Delta Bank and Trust Company, located in Plaquemines Parish, has turned down numerous loans because of the Small Business Administration mortgages appearing on the mortgage certificates of prospective borrowers as a result of the 'after-acquired clause.' "

■ Under Louisiana law, pursuant to LSA–C.C. arts. 3304 and 3308, future indefinite property may not be the subject of a conventional mortgage, although future definite property may be mortgaged. State of Louisiana v. Atlas Pipeline Corporation, 33 F.Supp. 160 (W.D.La.1940); Note, 15 Tulane L.Rev. 314 (Feb.1941). Plaintiff, relying on this law, contends that the "after-acquired property" clause in his SBA mortgage is therefore void and unenforceable. In seeking this declaratory judgment, he additionally asserts that despite the fact that the clause is invalid under Louisiana law, because of its presence in SBA mortgages, lending institutions are reluctant to make loans to parties attempting to obtain conventional financing for property they want to acquire subsequent to executing an SBA mortgage. We are told that this has been particularly detrimental to parties residing in the coastal parishes of Louisiana who received SBA loans subsequent to Hurricane Betsy in 1965 and Hurricane Camille in 1969 which were secured by SBA mortgages.

The problem is created here by a change in policy. This Court was advised in conference that formerly the SBA would voluntarily waive its rights against subsequently acquired property when the mortgagor, who was not in arrears on current payments, requested such a waiver in order to secure loan funds for new property.

In seeking to uphold the validity of the "after-acquired property" clause in the SBA mortgage, the government relies on St. Petersburg Bank & Trust Company v. Boutin, 445 F.2d 1028 (5th Cir. 1971); United States v. Hext, 444 F.2d 804 (5th Cir. 1971); First Nat'l Bank, Henrietta v. Small Business Admin., 429 F.2d 280 (5th Cir. 1970), to the effect that under these circumstances, federal common law, and not state law, controls the rights of the parties. The reason for the application of

federal law is based on the conclusion that where the United States is a party to a contract action, uniformity of decision is necessary. "The policy manifested in the Small Business Act is national in scope." First Nat'l Bank, Henrietta v. Small Business Admin., *supra,* at page 286.

■■ We agree with the government that this Court must apply federal and not state law. First Nat'l Bank, Henrietta v. Small Business Admin., *supra.* "However, Congress has enacted no legislation which establishes a federal rule for the acquisition of security interests by the SBA . . . ." Ault v. Harris, 317 F.Supp. 373 (D.Ala.1968), aff'd 432 F.2d 441 (9th Cir. 1970). Therefore, absent applicable legislation, "it is for the federal courts to fashion the governing rule of law according to their own standards." Clearfield Trust Co. v. United States, 318 U.S. 363, 367, 63 S. Ct. 573, 575, 87 L.Ed. 838 (1942). In achieving this objective, we do not find the cases cited by the government to be controlling on the question of acquisition of security interests by the SBA.

■ In the situation before us, we think that state law should govern, either by its own force or by "adoption" as a federal principle. United States v. Yazell, 382 U.S. 341, 357, 86 S.Ct. 500, 15 L.Ed.2d 404 (1966).[1] We decide this because of what we perceive to be the governing rule of law in situations such as the one before us.

In the course of its decision in United States v. Yazell, *supra,* the Supreme Court approved the decision of the Ninth Circuit in Bumb v. United States, 276 F.2d 729 (9th Cir. 1960). In *Bumb* the Court held that a clause in an SBA mortgage which did not conform to the California bulk sales law was invalid.

The Court stressed a distinction which had been "clearly recognized" in United States v. View Crest Garden Apartments, Inc., 268 F.2d 380 (9th Cir. 1959). That is, while deciding on the appropriate rule of law which it would adopt in the case, it would keep in mind that the California law "regulates only the manner of acquisition of a valid security interest and does not purport to regulate *the remedy of the mortgagee* after default by the mortgagor in foreclosing the validly created security interest and liquidating the loan which the chattel mortgage was given to secure." Bumb v. United States, *supra,* 276 F.2d at page 737 (emphasis added). The court, 276 F.2d at page 737, further quoted from United States v. View Crest Garden Apartments, Inc., *supra:*

> "A different set of factors come into play when the planning stage and the working stages of the agreement have been terminated. After a default the sole situation presented is one of remedies."

The reason for this distinction by the court in *Bumb* was that there is no manner in which "local requirements governing the creation of a valid security interest interfere with federal policy to any greater degree than the requirement that the prospective borrower from the Small Business Administration meet other reasonable requirements before he becomes a debtor of the United States." At pages 737–738. This has been translated into the rule that

> "[W]hile state law will be followed to determine what security interests the Government obtains in its financial transactions in nationwide programs, federal law will be applied to determine what remedies are available to the Government to enforce its security interest."

1. *See,* however, Bumb v. United States, 276 F.2d 729, 736 (9th Cir. 1960): "It is unquestioned by us that the authority of the Small Business Administration to make the loan in question and to take the chattel mortgages as security therefor was derived from the laws of the United States. It is clear, therefore, that if the validity of the chattel mortgages are to be tested by [California law, such law] does not apply by its own force but it applies because Congress or the federal courts adopt it to further federal policy."

United States v. Thompson, 438 F.2d 254, 256–257 (8th Cir. 1971). *See, also,* United States v. McIntyre Veneer, Inc., 343 F.Supp. 1095, 1098 (M.D.La.1972); United States v. Riley, 340 F.Supp. 1164 1168 (W.D.La.1972); Fred W. Beal, Inc. v. Allen, 287 F.Supp. 126, 129 (D.Me. 1968).

The competing rule was stated by the Supreme Court in Clearfield Trust Co. v. U. S., *supra,* and is oft quoted to the effect that "in our choice of the applicable federal rule we have occasionally selected state law." But the courts should not do so when "the desirability of a uniform federal rule is plain." 318 U.S. at page 367, 63 S.Ct. at 575. See United States v. McIntyre Veneer, Inc., *supra.* However, under the facts in this case it is apparent that the SBA itself has not seen a need for uniformity with respect to this type of security interest. The stipulation of facts (Paragraph 6 set forth above) indicates that in the states of Pennsylvania and Maryland there is no comparable "after-acquired property" clause in the mortgage form used by the SBA in these states. In addition, the Court has been informed, that Louisiana's SBA mortgage form is generally not the same as all other states. "There is here no need for uniformity. There is no problem in complying with state law; in fact, SBA transactions in each State are specifically and in great detail adapted to state law." United States v. Yazell, *supra,* 382 U.S. at page 357, 86 S.Ct. at 509.

In Louisiana, the prohibition on this type of security interest has been a part of the Louisiana Civil Code since the year 1825. There is not the same problem here as in Vince v. United States, 394 F.2d 462 (5th Cir. 1968), where the Fifth Circuit found, in a case involving the SBA, that the benefits of Louisiana codal sections could be waived in a guaranty agreement. The court in State of Louisiana v. Atlas Pipeline Corporation, *supra,* instead found that although the mortgagor and mortgagee agreed and attempted to mortgage "after-acquired property," "[s]ince the law expressly prohibits the mortgaging of future property," the intention of the parties to the mortgage was void. 33 F.Supp. at page 168. The reasoning of the court in this case, the protection of local creditors, is similar to the language found in Bumb v. United States, *supra,* and quoted by the Supreme Court with approval in United States v. Yazell, *supra*:

> "The largeness of the business of the Small Business Administration offers no excuse for failure to comply with reasonable requirements of local law, which are designed to protect local creditors against undisclosed action by their local debtors which impair the value of their claims. It must be assumed that the Small Business Administration maintains competent personnel familiar with the laws of the various states in which it conducts business, and who are advised of the steps required by local law in order to acquire a valid security interest within the various states." 276 F.2d at page 738.

In weighing the competing federal interest against the local policy involved (United States v. View Crest Garden Apartments, Inc., *supra*; United States v. McIntyre Veneer, Inc., *supra*), we note in 15 U.S.C.A. § 631(b), Small Business Act, that the declared federal policy is to "aid and assist victims of floods and other catastrophies." The government, in its memorandum, calls the Court's attention, instead, to that provision in the Act, 15 U.S.C.A. § 636(a)(7), which requires of the SBA that "All loans made . . . shall be of such sound value or so secured as reasonably to assure repayment." However, we read this requirement as one which is intended to govern at the inception of the loan transaction. At this point in time, there is no indication that additional property will be acquired to which the security interest would attach and, therefore, the SBA must, in satisfying the statutory requirement, adequately assure its position with present and definite security. On the other hand, the presence of the clause in the

SBA mortgage has proven to be self-defeating since mortgagors are unable to acquire additional property in Louisiana because of it. We can see no competing federal interest which outweighs the local policy involved here. Consequently, we determine that state law should be adopted in determining the validity of the "after-acquired property" clause and in this case Louisiana law would make the clause invalid.

Let judgment be entered accordingly.