**UNITED STATES of America, Plaintiff,**

v.

**WINTHROP TOWERS, et al.,**
**Defendants.**

No. 77 C 2874.

United States District Court,
N. D. Illinois, E. D.

Jan. 26, 1982.

John H. Mahoney, Dept. of Housing and Urban Development, Dan K. Webb, U. S. Atty., Mary A. Thomas, Mary S. Rigdon, Asst. U. S. Attys., Chicago, Ill., for plaintiff.

Lionel G. Gross, Altheimer & Gray, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

GRADY, District Judge.

Plaintiff, the United States, on behalf of the Secretary of Housing & Urban Development ("HUD"), filed this action for foreclosure of a mortgage because of default by the defendant mortgagor, Winthrop Towers. We granted plaintiff's motion for summary judgment on the ground that the decision by the Secretary to foreclose this mortgage was "committed to agency discretion by law." *United States v. Winthrop Towers*, 475 F.Supp. 320, 321 (N.D.Ill.1979). On appeal, this decision was reversed in part and the case was remanded for further consideration of two issues. *United States v. Winthrop Towers*, 628 F.2d 1028 (7th Cir. 1980). The first issue is whether foreclosure of the Winthrop Towers mortgage was in derogation of the policies of the National Housing Act. *See* 42 U.S.C. § 1441a, 42 U.S.C. § 1437, and 12 U.S.C. § 1715*l*(a). The second issue is whether HUD abused its discretion by not providing "Section 8" rent subsidies to the defendants.

*Standards for Judicial Review*

It is improper for the court to involve itself in a *de novo* review of HUD's foreclosure decision. *United States v. Winthrop Towers*, 628 F.2d at 1036. Judicial review in this instance is limited by the Administrative Procedure Act, 5 U.S.C. § 706(2), which gives us authority to

hold unlawful and set aside agency action, findings and conclusions found to be

A. arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. . . .

The burden of proof is on the defaulting mortgagor to establish that HUD's decision to institute foreclosure proceedings was arbitrary or capricious, an abuse of its "broad discretion," or of its failure to comply with the law, *United States v. Winthrop Towers, supra* at 1036; *United States v. Victory Highway Village, Inc.*, 662 F.2d 488, 492 (8th Cir. 1981); *United States v. Woodland Terrace, Inc.*, 293 F.2d 505, 509 (4th Cir. 1961), *cert. denied*, 368 U.S. 940, 82 S.Ct. 381, 7 L.Ed.2d 338 (1961). After a complete review of the record, we conclude that defendants have failed to demonstrate the existence of a genuine issue of material fact which would preclude summary judgment for plaintiff.

*Foreclosure Proceedings*

 It is undisputed that Winthrop Towers has been in default since December 1973 on its obligation to make periodic payments on the mortgage note. Repeated attempts were made by HUD to assist Winthrop Towers to meet its obligation under the mortgage. In April 1976, HUD, in another attempt to cure these serious delinquencies, entered into a provisional workout arrangement which provided for reduced mortgage payments. Winthrop Towers defaulted under this arrangement as well. Once a default is established, ". . . the sole situation presented is one of remedies." *United States v. View Crest Garden Apartments, Inc.*, 268 F.2d 380, 383 (9th Cir. 1959), *cert. denied*, 361 U.S. 884, 80 S.Ct. 156, 4 L.Ed.2d 120 (1959). In deciding whether to foreclose on a seriously defaulting mortgagor, it is appropriate that HUD consider as a predominant factor the federal policy to protect and preserve public monies which make up the assets of HUD's insurance fund. HUD's attempt to keep losses at a minimum serves the primary goal of the National Housing Act—to promote private activity in the building of low and moderate income housing through the use of federal credit. *United States v. Stadium Apartments, Inc.*, 425 F.2d 358, 363 (9th Cir. 1970), *cert. denied*, 400 U.S. 926, 91 S.Ct. 187, 27 L.Ed.2d 185 (1970); *United States v. Winthrop Towers*, 628 F.2d at 1036; *United States v. Victory Highway Village, Inc.*, 662 F.2d at 494. The undisputed and long-standing defaults on the original mortgage payments and the subsequent default in payments under the provisional workout agreement by Winthrop Towers exhibit serious fiscal problems. HUD is authorized by statute to foreclose, 12 U.S.C. § 1713(b) and § 1715*l*(g)(4), and also has a contractual right under the note and mortgage to seek relief through judicial foreclosure proceedings. *See United States*

v. *Sylacauga Properties, Inc.*, 323 F.2d 487, 491 (5th Cir. 1963). Prompt judicial enforcement of HUD's business decision to foreclose on a long-standing defaulting mortgagor is consistent with the goal of the National Housing Act.[1] It "is essential to the confidence of public and private lenders" that HUD's right to foreclose not be frustrated. *United States v. Victory Highway Village, Inc.*, 662 F.2d 485, 495 (8th Cir. 1981). Minimizing losses for HUD helps to implement the goal of preserving assets of the insurance fund so that future housing projects may be insured. *Federal Property Management Corp. v. Harris*, 603 F.2d 1226, 1230 (6th Cir. 1979) ("national housing goals would be advanced by ending these projects so that the money could be used elsewhere to encourage private enterprise to create and operate low and moderate income housing projects."). On the record here, defendants have not shown HUD's decision to have been arbitrary or capricious, an abuse of discretion or in violation of law. HUD is entitled to a judgment of foreclosure.

*"Section 8" Subsidies*

Section 8 provides for subsidies whereby HUD may contract to assist a project by paying rent which exceeds 25 per cent of a tenant's income. 42 U.S.C. § 1437b; 24 C.F.R. § 886.

Defendant Winthrop Towers argues that HUD acted in an arbitrary and capricious manner by not making Section 8 subsidies available to its project. As the Seventh Circuit pointed out, "HUD has broad discretion 'to choose between alternative methods of achieving the national housing objectives.'" *United States v. Winthrop Towers*, 628 F.2d at 1036, *quoting Shannon v. United States Dep't of Housing & Urban Dev.*, 436 F.2d 809, 819 (3rd Cir. 1970); *United States v. Victory Highway Village, Inc.*, 662 F.2d 488, 495 (8th Cir. 1981); *United States v. Golden Acres, Inc.*, 520 F.Supp. 1073

---

1. The decision to foreclose a mortgage is fundamentally of a business and administrative nature, requiring the exercise of HUD's business and administrative judgment. HUD may certainly give major consideration to preservation of the assets of the insurance

fund . . . in deciding whether to foreclose a particular mortgage.
*United States v. Winthrop Towers*, 628 F.2d at 1036; *see United States v. Sylacauga Properties, Inc.*, 323 F.2d 487, 492 (5th Cir. 1963).

(D.Del.1981) ("it is for HUD to choose among rational alternatives ... and judicial review is ordinarily inappropriate to consider whether a foreclosure decision arrived at through the considered judgment of HUD was necessarily the best or most effective choice."); *United States v. 1300 Lafayette East*, 455 F.Supp. 988, 992 (E.D. Mich.1978) (HUD has "discretion to elect from among several courses of action following a default."). Obviously, HUD has certain budget limitations and cannot make all possible subsidy programs available to all mortgagors.[2] In this case, HUD has repeatedly offered defendant alternative financing terms that could have avoided foreclosure.

██ Defendants have been in default since 1973. They have failed to make any good-faith attempt to salvage the project[3] even though given ample opportunity to do so. Not even a token payment was made on the mortgage for many years.[4] Defendants concede they have no right to any additional subsidies under the National Housing Act, the mortgage note or pertinent case law. *United States v. Woodland Terrace, Inc.*, 293 F.2d 505 (4th Cir. 1961), *cert. denied*, 368 U.S. 940, 82 S.Ct. 381, 7 L.Ed.2d 338 (1961); *Kent Farms v. Hills*, 417 F.Supp. 297, 303 (D.D.C.1976). Their claim is that HUD abused its discretion by failing to give adequate consideration to the question of subsidies. However, we believe HUD was well within its discretion in denying the subsidies on the basis of defendants' poor fiscal performance. The purpose of the National Housing Act is to assist private activity, not to supplant it. Despite the considerable assistance it had already received from the low interest rate and HUD's forbearance despite defendants' continuing default, the defendants showed no signs that they would ever be able to operate the project successfully.

*Defendants' Motion for Leave to Take Additional Discovery*

Defendants request permission to take depositions of seven HUD officials. Substantial discovery has already taken place and we see no need for further discovery on the issues that were remanded.

*Conclusion*

Plaintiff's motion for summary judgment is granted. Defendants' motion for further discovery is denied.

Plaintiff should file within 21 days from the date of this order a proposed decree of foreclosure, with findings of fact and conclusions of law consistent with this opinion. Defendants may have 10 days thereafter to file any written objections.

---

**2.** Winthrop Towers Answers to Plaintiff's First Set of Interrogatories, p. 8 concede this point: "HUD obviously operates within budgetary constraints and cannot provide every subsidy to every eligible project."

**3.** Examples of defendants' fiscal mismanagement can be found in its own admissions of complete nonperformance under the mortgage agreement and provisional workout agreement for a number of years, its withholding of project net income, the HUD audit findings issued on March 21, 1978, their excess rental collections and their failure to obtain a required fidelity bond. Appendix for the United States, Docket No. 79–2055, filed on appeal, pp. 104,

105, 107–112, 115; *see* Reply Brief of Appellants & Supplemental Appendix, Docket No. 79–2055, filed on appeal, p. 197.

**4.** *See* Affidavit of Taschetta, Appendix for the United States, Docket No. 79–2055, filed on appeal p. 46–47 ("... no payments of any amount have been made to HUD since July 31, 1977 and the delinquency has continued to increase unabated in spite of the net cash available for payment.... In other words, no mortgage payments are being made while management pays all other creditors when billed. The only account payable carried on the books is HUD, the mortgagor.").