**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**ZENITH-GODLEY COMPANY, Inc.; J. R. Kramer, Inc.; Carl Ahlers, Incorporated; S & W Waldbaum, Incorporated; Dari-Best Butter Company, Incorporated; Llewellyn Watts, Jr., Llewellyn Watts, III, d/b/a Watts & Sons; and Francis E. Walton, Thomas G. Corcoran, John Hunter Walton, Henry A. Walton and Elmer J. Reilly, d/b/a Hunter, Walton and Co., Defendants-Appellants.**

Nos. 334–341, Dockets 26280–26287.

United States Court of Appeals Second Circuit.

Argued April 19, 1961.

Decided Oct. 30, 1961.

Justin N. Feldman, Lawrence H. Reilly, Jr., George J. Solomon, New York City (Paul R. Frank, New York City, of counsel), for appellants.

Marvin C. Taylor, Special Litigation Counsel, Washington, D. C., William H. Orrick, Jr., Asst. Atty. Gen., Morton Hollander, Chief, Appellate Section, Department of Justice, Washington, D. C., for appellee.

Before WATERMAN, MOORE and SMITH, Circuit Judges.

PER CURIAM.

The United States brought eight separate actions in the United States District Court for the Southern District of New York, seeking to recover from each of the eight appellants money paid to them for butter inventory by Commodity Credit Corporation, an instrumentality of the plaintiff. The Government claimed that these payments were made without authority. The eight actions were consolidated into one, a motion for summary judgment by the United States was granted, and the several repayments were ordered. The opinion of the trial judge, reported at 180 F.Supp. 611, sets forth in detail the issues involved herein.

We affirm the lower court on the authority of Federal Crop Ins. Corporation v. Merrill, 1947, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10. In that case the plaintiffs, farmers, applied for federal crop insurance on spring wheat which had been re-

seeded on winter wheat acreage. The Federal Crop Insurance Corporation's local committee knew this and recommended that coverage be granted. The corporation accepted the application. The crop was subsequently lost through drought. It was then discovered that the insurance coverage was invalid under the Wheat Crop Insurance Regulations; and the Supreme Court denied the farmers any recovery for their losses, stating:

"The case no doubt presents phases of hardship. We take for granted that, on the basis of what they were told by the Corporation's local agent, the respondents reasonably believed that their entire crop was covered by petitioner's insurance. And so we assume that recovery could be had against a private insurance company. But the Corporation is not a private insurance company. It is too late in the day to urge that the Government is just another private litigant, for purposes of charging it with liability, whenever it takes over a business theretofore conducted by private enterprise or engages in competition with private ventures.

\*    \*    \*    \*    \*    \*

"Whatever the form in which the Government functions, anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority." 332 U.S. 380, 383–384, 68 S.Ct. 1, 2, 92 L.Ed. 10.

The appellants seek to distinguish Federal Crop Ins. Corporation v. Merrill, supra, on the ground that appellants could have sold their butter inventories to the Commodity Credit Corporation by a pre-existing valid procedure if they had not followed a newly prescribed alternate method, the method subsequently found to be unauthorized. They assert that the farmers in Merrill had no alternate method of obtaining crop insurance, see 322

U.S. 380 at page 383, note 1, 68 S.Ct. 1, and hence did not rely to their detriment, as appellants in this case claim they relied, by surrendering an optional advantage.[1] The appellants misread the holding in the Merrill case. That holding was based, not upon the absence of reliance, but upon the ground that the Government is not bound by the unauthorized acts of its agent even if within the scope of the agent's apparent authority. See United States v. Stewart, 1940, 311 U.S. 60, 70, 61 S.Ct. 102, 85 L.Ed. 40, and Utah Power & Light Co. v. United States, 1917, 243 U.S. 389, 409, 37 S.Ct. 387, 61 L.Ed. 791, cited by the Court in Merrill. The appellants' other efforts to distinguish the Merrill case are likewise futile. The ground the Supreme Court relied upon in Merrill requires us, as it required the court below, to deny to appellants their defenses.

Affirmed.

---

1. We are not impressed by this assertion. It is not demonstrated that the appellants would have been able to deplete their inventories to take advantage of the pre-existing valid procedure.