UNITED STATES of America,
Appellant,

v.

Alfred Peter ROSSI, Appellee.

No. 19173.

United States Court of Appeals
Ninth Circuit.

Feb. 10, 1965.

John W. Douglas, Asst. Atty. Gen., Sherman L. Cohn, Frederick B. Abramson, Dept. of Justice, Washington, D. C., Francis C. Whelan, U. S. Atty., Los Angeles, Cal., for appellant.

Henry F. Rager, Rager & Olio, Fontana, Cal., for appellee.

Before BARNES, JERTBERG and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge:

The United States appeals from an adverse judgment in an action to recover $1039.48 from defendant Rossi. This was the net amount paid by the government to Home Savings and Loan Association of Los Angeles following default on a loan guaranteed by the Administrator of Veterans Affairs under 38 U.S.C. § 1803(c) (1). We reverse.

About October 20, 1953 Rossi received a $8,789 loan from Home Savings for the purchase of a new home from a Mr. Fisher. The loan was evidenced by a note to Home Savings and secured by a deed of trust on the property. After approval of the loan by Home Savings, the Veterans Administrator accepted an application for guaranty of $5,273.40 of the loan. The escrow was then closed and title conveyed to Rossi, but he did not learn of this until he was several months in arrears in payments due under

the note. Rossi was unable to make the payments. Fisher advised him to see the Veterans Administration, indicating that if its approval could be secured, he would be willing to take the property off Rossi's hands. The Rossis then went to the Los Angeles Veterans Administration office, where they "were met by a fellow at a desk," whose name they did not know, who told them in regard to the property: "If wou can get somebody to take it off your hands, go ahead and do it." Rossi testified that no representations were made concerning further liability on his loan, but Mrs. Rossi testified that the man behind the desk told them that they "would not be liable for the loan."

Acting upon this advice, the Rossis then saw Fisher, who "assumed to take the house off [their] * * * hands," through a new escrow arrangement by which Rossi conveyed the property to Fisher in return for Rossi's down payment. Fisher, however, was not substituted for Rossi in the escrow arrangement with Home Savings, and the record does not show that he either assumed the obligation under Rossi's note and deed of trust or became the substitute beneficiary of the Administrator's guaranty of the loan made under the note. Fisher then resold the property, there was eventually a default, the Home Savings deed of trust was foreclosed, and the property was sold. The Administrator was required to pay the net sum of $1,-039.48 under his guaranty. Following demand upon Rossi for this sum, which was refused, this suit was commenced.

The district court concluded that the action was for a deficiency on the secured loan, that the United States was estopped because of the oral release of Rossi from liability by the "fellow at the desk," and that, because of the failure of the United States to give notice of the foreclosure proceedings and the possibility of a deficiency when it knew that the property was being sold and someone other than Rossi was making payments on the note, Rossi was precluded from paying the note and recovering the prop-

erty, and the United States was thus barred from recovery against him.

■ Rossi was under an independent obligation to indemnify the United States for the amount paid under the guaranty, and the terms of that guaranty are governed by federal law. The obligation was not released by the Administrator. There was no estoppel that prevents enforcement of the guaranty.

■ 38 C.F.R. § 36.4323(e) provides: "Any amounts paid by the Administrator on account of the liabilities of any veteran guaranteed or insured under the provisions of 38 U.S.C. Ch. 37 shall constitute a debt owing to the United States by such veteran." In United States v. Shimer, 1961, 367 U.S. 374, 81 S.Ct. 1554, 6 L.Ed.2d 908, it was held that the procedures outlined in the regulations governing guaranty procedures were intended by Congress to provide a uniform system for determining the Administrator's obligation as guarantor and to displace state law in their operation, and that they provide an independent right of indemnity to the Veterans Administration, regardless of the failure of a lender's rights against the principal. See also McKnight v. United States, 9 Cir., 1958, 259 F.2d 540. The amount of this obligation is to be determined at the time of default. See United States v. Shimer, supra, 367 U.S. at 384, 81 S.Ct. 1554. Thus the district court's conclusion that this action was one for a deficiency judgment to be governed by the notice and other provisions of California law cannot stand.

■ The statements of the "fellow at a desk" in the Los Angeles Veterans Administration office did not result in an estoppel, 38 U.S.C. § 1817 provides that when a veteran disposes of property secured by a guaranty the Administrator may issue to him a release from further liability, after investigation and determination that certain requirements have been met. Such a procedure was not followed here. Where an official of the United States acts outside his actual authority, the United States is not estopped

507

by that action. See Federal Crop Ins. Corp. v. Merrill, 1947, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10; United States v. Stewart, 1940, 311 U.S. 60, 61 S.Ct. 102, 85 L.Ed. 40; United States v. Zenith Godley Co., 2d Cir., 1961, 295 F.2d 634; United States v. Willoughby, 9 Cir., 1957, 250 F.2d 524.

The judgment is reversed, and the court is directed to enter judgment for the United States.