**A. L. BRANDEN et al., Plaintiffs,**

v.

**W. J. DRIVER et al., Defendants.**

**No. 47933.**

United States District Court
N. D. California.

Nov. 14, 1968.

Miller, Starr & Regalia, Oakland, Cal., for plaintiffs, with Martin Krawiec, Oakland, Cal., appearing.

Cecil F. Poole, U. S. Atty., San Francisco, Cal., for defendants, W. J. Driver and others as Administrator of Veterans' Affairs and the Veterans Adm. with Jerry K. Cimmet, Asst. U. S. Atty., appearing.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

WOLLENBERG, District Judge.

The stipulated facts are as follows:

"The plaintiffs, A. L. Branden and Jacquelyn Branden, and the defendants, W. J. Driver, as Administrator of Veterans' Affairs and the Veterans Administration hereby stipulate that the following facts are true and correct:

In the spring of 1962, the Veterans Administration owned 46 houses in Tropicana Village area of San Jose. A. L. Branden, one of the plaintiffs herein, was either a partner or a shareholder with a controlling interest in the firm which had built these houses and had sold them to the public, but at that time neither Branden nor any organization or firm he was connected with owned any interest in the 46 houses, or had any obligation to the Veterans Administration in connection with the houses. In July, 1962, plaintiffs A. L. Branden and Jacquelyn Branden, husband and wife, as joint tenants, purchased 45 of the 46 houses from the Veterans Administration and gave as consideration $200.00 down on each house and a deed of trust note secured by a deed of trust for the balance to J. S. Gleason, Jr., as Administrator of Veteran Affairs. In return, the plaintiffs received a Grant Deed.

The plaintiffs leased the houses and attempted to sell them, but in 1967, the houses were sold by the Trustee individually as a result of defaults. The amounts realized from the trustee's sales of the 45 properties were insufficient to pay the amounts due on the deed of trust notes and resulted in deficiencies of $63,360.90.

The Veterans Administration has made demand on the plaintiffs for the $63,360.-90, but the plaintiffs have taken the position that any deficiencies remaining after the trustee's sales of the properties are barred by California law. As a result of this dispute, the Veterans Administration and the Federal Housing Administration have suspended A. L. Branden from various rights and privileges on the ground that he is unwilling or unable to meet his financial obligations.

The deed of trust note states that 'this note is to be construed according to the laws of California.'

The deed of trust states that, '35. This deed shall be construed according to the laws of the State of California.' "

Both plaintiff and defendant have moved for summary judgment. Plaintiff's complaint seeks a declaration of the rights of the parties, praying that the anti-deficiency law of the state of California (C.C.P. §§ 580a–580d) is applicable and that plaintiff is "not obligated to defendant in any amount whatever". The defendant has filed a cross-complaint seeking a deficiency in the amount of $63,360.90.

Defendants claim they are entitled to recover on their cross-complaint in that federal and not state law governs and therefor they are entitled to judgment on the cross-complaint.

As there are no fact issues in dispute the only issue to be determined here is legal, and the matter should be decided on summary judgment.

The transaction involved is a direct sale by the Veterans Administration of properties it had taken back from veterans to whom purchase loans had been previously made pursuant to a salvage program and provided for by 38 U.S.C. § 1820(a) (5).

There exists a long line of cases. United States v. Shimer, 367 U.S. 374, 81 S. Ct. 1554, 6 L.Ed.2d 908 (1961); Herlong-Sierra Homes, Inc. v. United States, 358 F.2d 300 (9th Cir.), cert. den. 385 U.S. 919, 87 S.Ct. 229, 17 L.Ed.2d 143 (1966); United States v. Rossi, 342 F.2d 505 (9th

Cir. 1965); United States v. View Crest Garden Apts., Inc., 268 F.2d 380 (9th Cir.), cert. den. 361 U.S. 884, 80 S.Ct. 156, 4 L.Ed.2d 120 (1959); McKnight v. United States, 259 F.2d 540 (9th Cir. 1958); see also Clark Investment Company v. United States, 364 F.2d 7 (9th Cir. 1966). The same policy considerations as set forth in these cases is equally present here. Plaintiff seeks to distinguish these cases and cites United States v. Yazell, 382 U.S. 341, 86 S.Ct. 500, 15 L. Ed.2d 404 (1965), however the plaintiff here is not in any comparable situation with the plaintiffs in *Yazell*. There in weighing policy, State vs. Federal, the Court made its position clear that the family situation concerning property rights and liabilities were of paramount concern and should be recognized as such. Here, the Federal policy of collection on its loans must be considered paramount to any State policy with which we are concerned.

Accordingly, defendants' motion for summary judgment is granted. Defendants' counsel to prepare findings of fact, conclusions of law and judgment on its cross-complaint.