**A. L. BRANDEN et al., Plaintiffs-Appellants,**

v.

**W. J. DRIVER, as Administrator of Veterans' Affairs, Veterans Administration, et al., Defendants-Appellees.**

**No. 23693.**

United States Court of Appeals,
Ninth Circuit.

May 25, 1971.

Rehearing Denied July 30, 1971.

A. L. Branden (appeared), in pro per.

Edmund L. Regalia, of Miller, Starr & Regalia, Oakland, Cal., for appellants.

Brian Denton (appeared), Asst. U. S. Atty., Jerry K. Cimmet, Asst. U. S. Atty., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for appellees.

Before CHAMBERS, ELY and CARTER, Circuit Judges.

PER CURIAM:

The judgment of the district court, 293 F.Supp. 871, is affirmed on the authority of United States v. Stadium Apts. Inc., 425 F.2d 358, cert. denied 1970, sub nom Lynch v. United States, 400 U.S. 926, 91 S.Ct. 187, 27 L.Ed. 185.

Here the government gets, under tragic circumstances of the debtor, a deficiency it could not get under California state law. Much can be said for requiring federal loans to be made under the local law, but we are not now free to order the California law applicable.

ELY, Circuit Judge (dissenting):

The majority's reliance upon United States v. Stadium Apartments, Inc., is misplaced. In that case, our court held,

over my own vigorous protest, that when the Government foreclosed a mortgage executed to secure a certain type of loan made by the Government, the District Court was disempowered to incorporate a state-prescribed redemption right within its decree of foreclosure. I thought that the position taken by the Government in *Stadium Apartments* was unnecessarily pervasive and that it unreasonably encroached upon a just power belonging to the states.

For even stronger reasons than those which I set forth in *Stadium Apartments*, I express my dismay over the result which my Brothers have reached in this case. Here, the Government's loan to the Brandens was secured by real property situated in California. The transaction was evidence by documents expressly recognizing the possibility that California's pertinent laws would apply. California has long provided, by statute, that when a mortgagee takes over the debtor's property for the debtor's default in a case of this kind, it is impermissible for it to obtain a deficiency judgment against the mortgagor. The enactment of that law was doubtless inspired by the ideal of basic fairness, and had the law not generally worked to the public good, I am confident that California's legislature would have long since repealed it. In this case, the federal government has been permitted to override California's law so intrusively that it has obtained a deficiency judgment not only against the appellant husband, but also against his wife who, I assume, executed the agreements *pro forma*. Cf. United States v. Yazell, 382 U.S. 341, 86 S.Ct. 500, 15 L. Ed.2d 404 (1966). I therefore conclude that my Brothers have sanctioned oppression not justified by any overpowering federal interest.[1]

I would reverse.

---

1. I add my thought that considerations of courtesy should have required that we invite and consider the views of California's Attorney General before issuing an opinion so subversive of a significant California statute.