UNITED STATES of America, Plaintiff-Appellee,

v.

William Lee STEWART and Shirley Stewart, his wife, and the marital community composed thereof, Defendants-Appellants.

No. 73–3149.

United States Court of Appeals, Ninth Circuit.

Sept. 29, 1975.

Robert L. Milligan (argued), of Milligan, Jorgensen & Hahn, Lynnwood, Wash., for defendants-appellants.

Thomas B. Russell, Asst. U. S. Atty. (argued), Seattle, Wash., for plaintiff-appellee.

OPINION

Before ELY and HUFSTEDLER, Circuit Judges, and TAYLOR,* District Judge.

PER CURIAM:

The appellee, United States of America, brought this action against appellants, William Lee and Shirley Stewart, husband and wife, for a claimed deficiency on a direct loan made by the Veterans Administration (VA) to the Stewarts in the State of California. The money received from the loan, in the amount of $17,500.00, was used by the Stewarts to purchase a home in California, which loan was evidenced by a Trust Deed Note which was secured by a Deed of Trust.

The Stewarts defaulted on the payment of the loan and the VA elected to sell the home at a non-judicial sale on September 27, 1967, under and pursuant to the Deed of Trust. After the sale there remained a deficiency on the loan of $1,041.26. This action was commenced on January 10, 1973 for the deficiency, together with interest, in the State of Washington where the Stewarts were then residing.

The issue in regard to the liability of the Stewarts for the claimed deficiency was submitted to the trial court on motions for summary judgment filed by the parties, which motions were based on a stipulation of pertinent facts. The district court, relying on the decision of this court in *Branden v. Driver*, 441 F.2d 1171 (1971), granted the motion of the United States and awarded a judgment against the Stewarts for the deficiency together with interest, attorneys fees and costs in the aggregate amount of $1,412.38. The Stewarts have appealed from this judgment and we reverse.

The issue presented is whether in the posture of this case the law of the State of California, C.C.P. §§ 580a, 580b, prohibiting a deficiency judgment in such an action, should be applicable or whether the government may obtain a deficiency judgment notwithstanding the law of California.

In this case, the Note and Deed of Trust, executed by the Stewarts, each specifically provides that it is to be construed according to the laws of the State of California. It is significant that paragraph 34 of the Deed was stricken therefrom before or at the time it was executed. The stricken paragraph provides:

"Title 38, United States Code and the Regulations issued thereunder shall govern the rights, duties and liabilities

* Of the District of Idaho, sitting by designation.

of the parties hereto, and any provisions of this or other instruments executed in connection with said indebtedness which are inconsistent with said Title or Regulations are hereby amended and supplemented to conform thereto."

It is abundantly clear that by striking this standard paragraph and the retaining of paragraph 35 which provides "[t]his Deed shall be construed according to the laws of the State of California", the parties intended that the laws of California should be applicable. This was an individually negotiated contract which departed from the usual form employed by the VA.[1]

In *United States v. Yazell*, 382 U.S. 341, 86 S.Ct. 500, 15 L.Ed.2d 404 (1966), the Supreme Court stated:

"None of the cases in which this Court has devised and applied a federal principle of law superseding state law involved an issue arising from an individually negotiated contract." [382 U.S. at 353, 86 S.Ct. at 507]

In *United States v. MacKenzie*, 510 F.2d 39 (Jan. 13, 1975), this Court in an en banc decision held that congressional purpose in enacting SBA legislation was not impaired by federal deference to state laws protecting debtors by limiting deficiency judgments and by providing for redemption rights, nor did any other federal interest justify refusal to respect state interests in regard to such protection of debtors, and therefore debtors, upon foreclosure of mortgages were entitled to protection of state law of Nevada in regard to limitation of deficiency judgment based on fair market value, and law of Arizona in regard to redemption rights.

Although the loan in question was not made by the SBA as in *Yazell* and *MacKenzie*, the same principle should apply to a VA loan in the circumstances of this case. We believe that *Yazell* and *MacKenzie* are controlling in the disposition of this case. The government's reliance on *United States v. Stadium Apartments, Inc.*, 425 F.2d 358 (9th Cir. 1970) and *Branden v. Driver*, supra, in support of its contention that the law of California should not be applied in this case, is unavailing.[2]

 It is our opinion that there is no justifiable cause or reason why the government should not be bound by the precise terms of the negotiated loan instruments and no reason why the Stewarts should not have the protection of the California law afforded them under the terms of said instruments.

 As to the remaining issue raised by appellant, we agree with the trial court that under 28 U.S.C. § 2415, the government was not barred from filing its action.

Reversed and remanded.

---

1. The deletion of paragraph 34 was not merely a *pro forma* change in the contract. That deletion, eliminating from the contract the provisions of Title 38 U.S.C. and all Regulations issued thereunder, was crucial to the rights of the parties. The government could no longer rely on the Code or the Regulations in the enforcement of the contract, but had to rely on the California law as provided in paragraph 35.

It is reasonable to assume that the Veterans Administration knew what its purpose was by striking paragraph 34 from the Deed of Trust and retaining paragraph 35. If paragraph 34 had not been stricken, we would then have a similar situation as presented in *U. S. v. Shimer*, 376 U.S. 374, 81 S.Ct. 1554, 6 L.Ed.2d 908 (1966). The decision in *Shimer* was based on the regulations of the Veterans Administration while here, those regulations were eliminated by striking paragraph 34.

2. The government's position here appears to be the same as it was in *Yazell*, supra. In *Yazell*, the court stated:

"It is an appropriate inference from the Government's brief that its position is that the Federal Government, in order to collect on a negotiated debt, may override all such state arrangements despite the absence of congressional enactment or agency regulation or even any stipulation in the negotiated contract or any warning to the persons with whom it contracts." [382 U.S. 351, 86 S.Ct. 506]