**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Howard GISH and Jacquelyn Gish, his wife, Defendants-Appellees.**

No. 76–3046.

United States Court of Appeals, Ninth Circuit.

Aug. 23, 1977.

Rehearing and Rehearing En Banc Denied Nov. 22, 1977.

William Kanter, argued, Harry R. Silver, Leonard Schaitman, Appellate Section, Civ. Div., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellant.

James D. DeWitt, Fairbanks, Alaska, and Harvey A. Levin, argued, Birch, Jermain, Horton & Bittner, Washington, D. C., for defendants-appellees.

Before WRIGHT, CHOY and ANDERSON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

The government appeals from the dismissal of its action for a deficiency judgment which the district court held barred by an Alaska statute prohibiting recovery of such judgments following a nonjudicial foreclosure.

The Small Business Administration (SBA) made a $147,000 disaster relief loan to Howard and Jacquelyn Gish in 1967 as a result of flood damage to their rental properties. The loan was secured by deeds of trust on three parcels of property and the terms of the deeds were incorporated in the note by reference. In 1969 the amount of the loan was increased to $160,000.

The deeds of trust contain two critical typewritten provisions. First, paragraph 6 provides that "[t]rustor shall be liable for and agrees to pay any deficiency."

Second, paragraph 12 explicitly states:

The undersigned further agrees that, pursuant to Part 101 of the Rules and Regulations of the Small Business Administration, this instrument is to be construed and enforced in accordance with the applicable Federal Law. The undersigned hereby waives any local immunity from the performance of any obligation hereunder.

In February 1970, after the SBA had deferred appellees' loan payments several times, it accelerated the note and demanded payment. Appellees had then paid $3,811.15 on the loan. They requested a six month extension to enable them to make satisfactory financial arrangements. SBA agreed. When no further correspondence or payment was received the SBA exercised its statutory power of sale under the deeds of trust and Alaska law, AS §§ 34.20.070–34.20.130 (1970).

The real property collateral was sold at a summary foreclosure sale on September 20, 1973. The SBA purchased two parcels and a private party the other. After the proceeds were applied to the balance of the loan there remained an unpaid debt in excess of $121,000.

The SBA brought the instant action in 1975 to recover the deficiency. The debtors moved to dismiss on the ground that recovery was barred by an Alaska statute, AS § 34.20.100 (1970), prohibiting recovery of deficiency judgments after summary foreclosure pursuant to a power of sale under a deed of trust. The district court relied upon *United States v. Yazell*, 382 U.S. 341, 86 S.Ct. 500, 15 L.Ed.2d 404 (1966), and *United States v. MacKenzie*, 510 F.2d 39 (9th Cir. 1975) (en banc), and denied recovery by the SBA.

We believe this reliance was unwarranted because of distinguishing facts in the instant case. Each of the critical factors absent in prior cases, *i. e.*, contractual provisions, federal statute and administrative regulations, is present here and they compel an opposite result.

The government in *Yazell* was precluded by Texas' coverture law from recovering on a loan to a husband and wife where the SBA had executed on the wife's separate

property. The Court was persuaded to apply state law by two important factors: (1) the individually tailored loan specifically referred to Texas law as governing and (2) there was no federal statute, regulation or contract provision which suggested that state law would be disregarded.[1]

In response to the decision in *Yazell*, administrative regulations were promulgated to avoid this problem. *See* 31 Fed.Reg. 10466 (August 4, 1966). Two of those regulations are significant here. The first provides that federal law is to be applied in construing SBA instruments.[2] 13 C.F.R. 101.1(d)(2). The second rule commands that SBA debtors shall not "be entitled to . . assert any local immunity to defeat the obligation. . . ."[3] 13 C.F.R. 101.-1(d)(4).

Our disposition in *MacKenzie* did not require us to reach those regulations. The issue there was the amount of the deficiency and the applicability of state redemption rights and not whether any deficiency recovery was possible. We subsequently have stressed that in *MacKenzie*,

> the government had not bargained for preemption of state debtor-protection policies in the absence of pertinent legislation and regulations.

*United States v. Haddon Haciendas Co.*, 541 F.2d 777, 783–84 (9th Cir. 1976).

In *United States v. Stewart*, 523 F.2d 1070 (9th Cir. 1975), we applied California's anti-deficiency provisions to bar recovery by the Veterans' Administration of a deficiency because the deed of trust specifically provided that the contract was to be construed under California law. In so holding we observed that the conscious elimination from the contract of applicable federal provisions was critical to the rights of the parties.

> [T]here is no justifiable cause or reason why the government should not be bound by the precise terms of the negotiated loan instruments . . . .

*Id.* at 1072.

■ It is axiomatic that any interpretation of the rights and duties of the parties under a contract must begin with its terms. There is no reason why these appellees should not be bound by the inserted clauses which provide that federal law will govern, that the parties waive any local immunity, and that the "[t]rustor shall be liable for and agrees to pay any deficiency." [¶ 6].

■ Additionally, the district court read restrictively the applicable statute,[4] 15 U.S.C. § 634(b)(4), and held that no deficiency judgments are authorized when the loan is secured by a deed of trust instead of

---

1. In fact, the Supreme Court framed the issue in *Yazell* as:
   "[W]hether in connection with an individualized, negotiated contract, the Federal Government may obtain a preferred right *which is not provided by statute or specific agency regulation, which was not part of its bargain,* and which requires overriding a state law dealing with the intensely local interests of family property and the protection . . . of married women."
   382 U.S. at 349, 86 S.Ct. at 505 (emphasis added).

2. 13 C.F.R. 101.1(d)(2) provides:
   "(2) Instruments evidencing a loan, obligation of security interests in real or personal property payable to or held by the Administration or the Administrator, such as promissory notes, bonds, guaranty agreements, mortgages, deeds of trust, and other evidences of debt or security shall be construed and enforced in accordance with applicable Federal law."

3. 13 C.F.R. 101.1(d)(4) states:

"(4) Any person, corporation, or organization that applies for and receives any benefit or assistance from SBA, or that which SBA relies for the granting of such benefit or assistance, shall not be entitled to claim or assert any local immunity to defeat the obligation such party incurred in obtaining or assuring such Federal benefit or assistance."

4. 15 U.S.C. § 634 provides, in pertinent part:
   "(b) In the performance of, and with respect to, the functions, powers, and duties vested in him by this chapter the Administrator may—
   * * * * * *
   "(4) pursue to final collection, by way of compromise or otherwise, all claims against third parties assigned to the Administrator in connection with loans made by him. This shall include authority to obtain deficiency judgments or otherwise in the case of mortgages assigned to the Administrator. . . ."

a mortgage. Our examination of the statute and its legislative history demonstrates that Congress, in this context, intended the term "mortgage" to be used in its broader, generic sense. Moreover, the differences in foreclosure methods between a mortgage and a deed of trust under Alaska law do not exist nationwide.[5]

A consistent application of the statute in all jurisdictions is necessary to effectuate the underlying Congressional goals. This requires that the SBA be allowed to recover deficiencies whenever federal law applies and there has been a default on a loan secured by real property.

In *MacKenzie* it was necessary to protect debtors "from economic overreaching in foreclosure sales." 510 F.2d at 41–42. The debtors here are not similarly vulnerable to such an occurrence because, under the applicable federal law, they could assert an unconscionably low sale price as a defense in an action to recover a deficiency. No such defense has been made by appellees here.

The three critical factors: a federal statute, agency regulations and, most importantly, explicit contractual provisions authorizing SBA to recover the deficiency are all present here.

Reversed and remanded.

---

**5.** We note that, notwithstanding the differences in foreclosure procedures, the Alaska Supreme Court has commented that:

"A deed of trust is a 'mortgage in effect,' being only a somewhat different device for accomplishing the same purpose, creating a security interest in land."

*Brand v. First Federal Savings & Loan Ass'n of Fairbanks*, 478 P.2d 829, 831 (1970). *See also* AS 34.20.110 (1970), which provides that "[f]or the purposes of record, a deed of trust . . . shall be treated as a mortgage of real estate . . . ."