914 F.2d 1496
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Bruce M. JONES, Dennis Ray Link and Sharon R. Link,
individually and on behalf of others in the state
of California similarly situated,
Plaintiffs-Appellants,
v.
Edward J. DERWINSKI, Secretary of the Department of Veteran
Affairs,* United States of America, U.S.
Department of Veteran Affairs,** and Leo
Wurschmidt, Director, San Francisco Regional Office of the
Department of Veteran Affairs, Defendants-Appellees.
 
 1
 No. 89-15053.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Argued and Submission Deferred March 15, 1990.
Resubmitted June 7, 1990.
Decided Sept. 24, 1990.
 
 3
 Before TANG and BEEZER, Circuit Judges, and STEPHENS,*** District Judge.
 
 
 4
 MEMORANDUM****
 
 
 5
 Plaintiffs appeal the district court's grant of summary judgment to defendants in plaintiffs' action seeking an injunction preventing defendants from enforcing debts in violation of California Civil Code Sec. 580b. We affirm.
 
 PROCEDURAL AND FACTUAL BACKGROUND
 
 6
 Plaintiffs Bruce Jones and Ray and Sharon Link are veterans and their spouses who have borrowed money from lenders pursuant to the Veterans Administration Home Loan Guaranty Program (VA Program), 38 U.S.C. Secs. 1801, et seq. Under this program, veterans receive home loans from qualified lenders and the Federal government guarantees the veterans' performance. Plaintiffs bought homes under the VA Program, but eventually defaulted on their obligations, and the government paid any deficiency owed by the plaintiffs after foreclosure. The government is presently seeking indemnification under the VA Program from the plaintiffs for any amounts paid on behalf of the plaintiffs as guarantor.
 
 
 7
 Plaintiffs brought this action in district court seeking an injunction against the VA from enforcing these debts against them, and against any others similarly situated. The plaintiffs argued that the California anti-deficiency statutes prevent enforcement of these debts. The district court granted summary judgment to the defendants on the parties' cross-motions for summary judgment on the ground that to the extent the law of California infringes on federal law it is preempted. Judgment was entered against the plaintiffs on November 14, 1988. Notice of appeal was filed on January 11, 1989. This notice was timely since the United States and its agents are parties to the suit. Fed.R.App.Pro. Rule 4(a)(1).
 
 DISCUSSION
 
 8
 Whether a federal regulation preempts a state statute is a question of law. The standard of review of this issue is de novo. Olympic Sports Product, Inc. v. Universal Athletic Sales Co., 760 F.2d 910, 912 (9th Cir.1985), cert. denied, Whittaker v. Olympic Sports Product, Inc., 474 U.S. 1060 (1986).
 
 
 9
 In this case, we are considering whether a federal regulation, 38 C.F.R. Sec. 36.4323(e), preempts California law to the extent that the two conflict. The interaction between 38 C.F.R. Sec. 36.4323(e) and state anti-deficiency laws, in general, and California anti-deficiency laws, in particular, has been examined previously.
 
 
 10
 The Ninth Circuit considered this precise issue in United States v. Rossi, 342 F.2d 505 (9th Cir.1965). The court concluded that
 
 
 11
 the regulations governing guaranty procedures were intended by Congress to provide a uniform system for determining the Administrator's obligation as guarantor and to displace state law in their operation, and that they provide an independent right of indemnity to the Veteran's Administration, regardless of the failure of a lender's rights against the principal.
 
 
 12
 Rossi, 342 F.2d at 506. See also McKnight v. United States, 259 F.2d 540 (9th Cir.1958) (holding the Cal.Civ.Pro.Code Sec. 580b may not impair VA's independent right to seek indemnity under 38 C.F.R. Sec. 36.4323(e)).[1]
 
 
 13
 The Ninth Circuit has had occasion recently to reexamine this precedent in light of subsequent decisions. In Whitehead v. Derwinski, 904 F.2d 1362 (9th Cir.1990), we held that Washington anti-deficiency legislation is not preempted by the VA Program regulations because the two were reconcilable. In reaching this decision, we found that the applicable federal common law included Washington state law because the two were not necessarily mutually exclusive. Under Washington law, a lender can recovery a deficiency judgment when enforcing a purchase money mortgage by foreclosing through judicial foreclosure. Since this allows the Veterans Administration to recover a deficiency, the two bodies of law are reconcilable and Washington law was adopted as the federal rule of decision. In reaching this conclusion, we pointed to the differences between Washington anti-deficiency legislation and California anti-deficiency legislation. The fact that California does not allow any recovery of a deficiency in a purchase money mortgage by either the lender or a guarantor distinguished the case involving Washington law from the Rossi and McKnight precedents. These decisions were explicitly affirmed as part of the logic in reaching the above conclusion.
 
 
 14
 In the present case, the plaintiffs raise the exact issue that was decided in Rossi. We find that Rossi is still the law in this circuit, and that under that decision, 38 C.F.R. Sec. 36.4323(e) gives the Veterans Administration a right of indemnification in California against veterans for whom a debt has been paid pursuant to the home loan guarantee program. Therefore, given the precedents of Rossi and McKnight, and the logic in Whitehead, the district court was correct in its conclusion that federal law preempts state law, and that defendants were entitled to summary judgment.
 
 
 15
 AFFIRMED.
 
 
 
 *
 Edward J. Derwinski, Secretary of the Department of Veteran Affairs, is substituted for his predecessor, Thomas Turnage, former Administrator of the Veterans Administration. Fed.R.App.P. 43(c)(1)
 
 
 **
 The U.S. Department of Veteran Affairs was previously the U.S. Veterans Administration. Fed.R.App.P. 43(b)
 
 
 ***
 The Honorable Albert Lee Stephens, Jr., Chief Judge Emeritus, Central District of California, sitting by designation
 
 
 ****
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In United States v. Shimer, 367 U.S. 374 (1961), the Supreme Court held that the Pennsylvania Deficiency Judgment Act was preempted by 38 C.F.R. Part 36. The Pennsylvania statute created a fair market value limitation on deficiency judgments. In that case, the plaintiff had also argued that the government did not have a right of indemnity against the veteran. The Court held that 36 C.F.R. 36.4323(e) gave the government this right. Id. at 387. This regulation did not explicitly state that it preempted state law, nor did Congress occupy the entire field. However, compliance with both laws would have been impossible, and, therefore, the Supreme Court held that the state law was preempted. Id. at 381