Michael L. CONNELLY; Peter Mason; Thomas P. Jones; Lawrence J. Walsh; David L. Burrows, individually and on behalf of all others in the State of Oregon similarly situated, Plaintiffs–Appellants,

v.

Edward J. DERWINSKI, Secretary, Veterans Affairs; United States of America; Veterans Administration, Defendants–Appellees.

No. 89–35543.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 10, 1991.

Decided April 1, 1992.

---

David A. Leen, Leen & Moore, Seattle, Wash., and Margaretta Eakin, Portland, Or., for plaintiffs-appellants.

Malcolm L. Stewart, U.S. Dept. of Justice, Washington, D.C., for defendants-appellees.

Before: NORRIS, BEEZER, and LEAVY, Circuit Judges.

WILLIAM A. NORRIS, Circuit Judge:

We are asked to determine, once again, whether a state anti-deficiency scheme is preempted by Department of Veteran Affairs (VA) regulations that authorize the VA to collect deficiencies on VA-guaranteed home loans. This case involves Oregon law, which forbids a deficiency judgment after either a judicial or a non-judicial foreclosure sale. *See* Or.Rev.Stat. § 86.-770(2). In *United States v. Rossi*, 342 F.2d 505 (9th Cir.1965), we held that a California anti-deficiency law, which in all material respects is identical to Oregon law, is preempted by the VA regulations. *Id.* at 506. Subsequently, in *Whitehead v. Derwinski*, 904 F.2d 1362 (9th Cir.1990), we held that a Washington anti-deficiency law, which permits a deficiency judgment after a judicial, but not a non-judicial sale, is not preempted by the VA regulations. *Id.* at 1369. In *Whitehead*, we distinguished the Washington anti-deficiency law from the California anti-deficiency law. *Id.* at 1368. Because the Oregon anti-deficiency law is materially different from the Washington anti-deficiency law, but identical to the California anti-deficiency law, we hold that this case is controlled by *Rossi* and that the Oregon law is preempted by the VA regulations.

I

The Department of Veterans Affairs provides housing assistance to veterans by guaranteeing home loans made to veterans by private lenders. Under the terms of the program, if a veteran defaults on the loan payments, the Secretary of Veterans Affairs ("the Secretary") is obligated to reimburse a private lender for up to the lesser of 60% of the loan amount or $27,500. The applicable regulations state that "[a]ny amount paid by the Secretary on the account of the liabilities of any veteran guaranteed or insured under [this program]

shall constitute a debt owing to the United States by that veteran." 38 C.F.R. § 36.-4323(e).

When a guaranteed loan has gone into default, the Secretary's preferred practice has been to permit the private lender to foreclose the residential property in question. If the amount recovered in the foreclosure sale has been below the amount to which the lender is entitled under the terms of the guarantee, the Secretary has paid the difference to the private lender. He then attempts to recover the deficiency directly from the veteran.

Oregon law prohibits deficiency judgments regardless whether the creditor forecloses judicially or through a trustee sale. See Or.Rev.Stat. § 86.770(2). Relying on the Oregon anti-deficiency statute, Oregon veterans who defaulted on their loans and whose property was foreclosed sued the Secretary to enjoin him from proceeding against them to collect the deficiency. The Secretary argued that the Oregon anti-deficiency law is preempted by the applicable VA regulations which make the veterans personally liable for the deficiencies. On undisputed facts, the district court granted summary judgment to the Secretary. The veterans appeal. We review a summary judgment de novo. See Harkins Amusement Enters., Inc. v. General Cinema Corp., 850 F.2d 477, 482 (9th Cir.1988), cert. denied, 488 U.S. 1019, 109 S.Ct. 817, 102 L.Ed.2d 806 (1989).

## II

In interpreting the forerunner of the current regulation, 38 C.F.R. § 36.4323(e), the VA took the position that veterans were personally liable for deficiencies even if "the creditor could not at the time [the VA] sues [the veteran] maintain a suit against the latter." Decisions of the Administrator of the Veterans' Administration, No. 625 at 1154, 1157 (Jan. 22, 1945) quoted in Whitehead, 904 F.2d at 1365. In United States v. Shimer, 367 U.S. 374, 81 S.Ct. 1554, 6

L.Ed.2d 908 (1961), the Supreme Court agreed with the VA that the federal statutory and regulatory scheme provided an independent right to indemnity.[1] Id. at 387–88, 81 S.Ct. at 1562–1563. We have held that California's anti-deficiency provisions, which the appellants concede are indistinguishable in all relevant respects from the Oregon statute, may not impair the VA's federal right to indemnification. See Rossi, 342 F.2d at 506; McKnight v. United States, 259 F.2d 540, 543–44 (9th Cir.1958).

The veterans urge us to revisit our holding in Rossi and McKnight in light of the VA's revision of its regulations. They argue that the revised regulations do not preempt an anti-deficiency law such as Oregon's that prohibits any anti-deficiency judgment regardless whether the lender forecloses judicially or non-judicially. The veterans rely primarily on Whitehead, in which we held that the revised regulations did not preempt Washington's anti-deficiency law. The veterans' reliance on Whitehead is misplaced.

In Whitehead, we analyzed the differences between the original and revised regulations as follows:

While the regulations [still] provide for an independent right of indemnity, they do not establish specific foreclosure procedures. In contrast to the tightly woven regulation addressed in Shimer, the regulations addressing foreclosure procedures are a loose framework that takes its substance and specificity from applicable state or local laws.

Whitehead, 904 F.2d at 1368 (citations omitted). We observed that the current regulations "do not indicate an intent to displace applicable state law, as did the regulations in Shimer." Id. So long as state law provides a means that allows the Secretary to exercise his right of indemnity and receive the full measure of protection without displacing state law, we reasoned,

---

1. The veterans argue that Shimer is no longer good law. We reject this argument. Not only has the Supreme Court not overruled Shimer, it has continued to cite Shimer with approval.

See Fidelity Fed. Sav. & Loan Ass'n v. De La Cuesta, 458 U.S. 141, 153–54, 102 S.Ct. 3014, 3022–23, 73 L.Ed.2d 664 (1982) (quoting Shimer, 367 U.S. at 383, 81 S.Ct. at 1560).

the state law is not preempted. *Id.* at 1368–69.

We then evaluated the Washington anti-deficiency law in light of this analytical framework. Under Washington law, the Secretary has two options: (i) he can foreclose judicially and collect a deficiency judgment; or (ii) he can foreclose non-judicially in which event he forfeits his right to collect a deficiency judgment. Wash.Rev. Code Ann. §§ 61.24.040, 61.24.100. We held that Washington law is not in conflict with federal law because it gives the Secretary the option of securing a deficiency judgment by foreclosing judicially. We said, *"Given the availability of the judicial foreclosure alternative,* ... the VA may not choose the non-judicial foreclosure alternative, and then resort to its right to indemnity." *Id.* at 1369 (emphasis added).

In *Whitehead,* we distinguished the Washington scheme from the California anti-deficiency law, which prohibits a deficiency judgment after either a judicial or a non-judicial foreclosure. After noting that a district court had found the California anti-deficiency law to be preempted by federal law even under the revised VA regulations, *see Jones v. Turnage,* 699 F.Supp. 795, 799 (N.D.Cal.1988), *aff'd without opinion,* 914 F.2d 1496 (9th Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 1309, 113 L.Ed.2d 243 (1991), we said, "California, unlike Washington, precludes lenders from collecting deficiency judgments under any circumstances[; t]he California scheme was therefore inconsistent with the federal regulation's protection of the VA's right to proceed personally against the debtor." *Whitehead,* 904 F.2d at 1368.

In sum, like the California law, the Oregon anti-deficiency law materially differs from the Washington anti-deficiency law in that it denies the Secretary any recourse against the defaulting veteran. The Secretary may not secure a deficiency judgment regardless whether it forecloses judicially or non-judicially. Because the Oregon anti-deficiency law is identical to the California

anti-deficiency law and because *Rossi* is not in conflict with *Whitehead, Rossi* is dispositive of this case.[2]

In light of the foregoing, we affirm the district court's summary judgment to the Secretary.

AFFIRMED.

---

**2.** To remove any possible doubt about the state of the law in our circuit, we take this opportunity to express our agreement with *Jones, see* 699

F.Supp. at 799, which we affirmed in an unpublished memorandum disposition.