9 F.3d 107
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert T. GRAHAM, Dorothy L. Graham, Plaintiffs-Appellants,
v.
David J. DAGOSTINO, et al., Defendants,
Edward J. Derwinski, Secretary, Defendant-Appellee.
 No. 92-4118.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1993.
 
 Before MARTIN and SILER, Circuit Judges, and WEBER, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs, Robert and Dorothy Graham, appeal the order dismissing their claims against the defendant, Secretary of the Department of Veterans Affairs, in this contract action. For the following reasons, the district court's decision is AFFIRMED.
 
 I.
 
 2
 On November 13, 1979, Robert Graham signed an Application for Home Loan Guaranty in order to secure a Veterans Administration (VA) loan to purchase a home in Toledo, Ohio. The Application contained the following language:
 
 
 3
 As a home loan borrower you will be legally obligated to make the mortgage payments called for by your mortgage loan contract. The fact that you dispose of your property after the loan has been made WILL NOT RELIEVE YOU OF LIABILITY FOR MAKING THESE PAYMENTS ...
 
 
 4
 [In the event of a sale], [e]ven though the new owner may agree in writing to assume liability for your mortgage payments, this assumption agreement will not relieve you from liability to the holder of the note which you signed when you obtained the loan to buy the property.
 
 
 5
 It further provided that, in the event of default, the borrower would be responsible for the repayment of any guaranty claim which the VA may be required to pay the lender.
 
 
 6
 The property was subsequently sold by the plaintiffs. Neither that buyer of the property nor a later buyer assumed the VA loan. Due to the second buyer's default on the mortgage and a foreclosure action by the mortgage company, the VA paid $14,139.73 based on the VA loan guarantee.
 
 
 7
 Plaintiffs were not aware of the foreclosure action or the VA payment until they attempted to purchase a home in California by utilizing the VA home loan entitlements. Upon request, Robert Graham was granted a waiver of the $14,139.73 from the VA Board of Appeals. See 38 U.S.C. Sec. 3102(b) (allows for waiver of payment to the VA by a veteran or the veteran's spouse following default and loss of the property when the VA determines that the collection of such indebtedness would be against equity and good conscience). However, the waiver did not restore his rights to full VA entitlements to obtain future loans. Therefore, his entitlements were reduced by the amount of the waived debt.
 
 
 8
 Plaintiffs then filed this action, alleging that the Secretary "acted negligently" in failing to notify them of the default, foreclosure, and payment of the claim on the property, and in refusing to grant plaintiff's application for the second loan. Plaintiffs contended that this resulted in the violation of their "constitutional right to notice," and sought compensatory damages and a declaratory judgment relieving plaintiffs of any liability for the deficiency.
 
 
 9
 In July, 1991, the district court granted the VA's motion for summary judgment, ruling that plaintiffs were not entitled to any monetary damages from the VA. In January, 1992, the district court granted the VA summary judgment on the remaining claims for lack of jurisdiction.
 
 II.
 
 10
 The United States Court of Veterans Appeals has exclusive jurisdiction to review decisions of the Board of Veterans' Appeals. 38 U.S.C. Sec. 7252(a) (originally enacted as 38 U.S.C. Sec. 4052(a)). That court may "hold unlawful and set aside decisions, findings, ... issued or adopted by the Secretary, the Board of Veterans' Appeals, or the Chairman of the Board found to be ... contrary to constitutional rights, power, privilege, or immunity." 38 U.S.C. Sec. 7261(a)(3)(B) (originally enacted as 38 U.S.C. Sec. 4061(a)(3)(B)). Pursuant to Sec. 7261, plaintiffs had an adequate remedy at the administrative level. Thus, their failure to exhaust their administrative remedies bars this suit. McGee v. United States, 402 U.S. 479 (1971). Accordingly, this court lacks jurisdiction to consider this appeal.
 
 III.
 
 11
 Plaintiffs also failed to clearly assert a constitutional violation warranting this court's review. The VA was not required to notify the plaintiffs of the deficiency and pending foreclosure. See State ex rel. Squire v. Kofron 15 N.E.2d 783 (Ohio App.1937). When Robert Graham applied for the VA loan, he signed an application which stated his liability as continuing in the event of a sale of the property even in the event of an assumption agreement between plaintiff and the buyer. Thus, as plaintiffs were aware of their obligations under the application, there was not a violation of their "right to notice."
 
 
 12
 In addition, the Secretary had discretion to release Robert Graham from liability, upon application by him, if the Secretary determined that: (1) a subsequent purchaser had agreed to assume the mortgage; (2) the loan was current; and (3) the buyer was a good risk. 38 U.S.C. Sec. 1813. However, Graham failed to apply for such a release at the time of the sale of the property. In light of his failure to exercise his statutory right, the VA had a valid right of indemnification for the deficiency. See United States v. Rossi, 342 F.2d 505 (9th Cir.1965). Accordingly, as the VA waived repayment of the deficiency, it properly assessed a reduction in plaintiff's entitlement benefits.
 
 IV.
 
 13
 In light of the foregoing, the district court's judgment is AFFIRMED.
 
 
 
 *
 The Honorable Herman Weber, United States District Judge for the Southern District of Ohio, sitting by designation